UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HEATH NEWCOMB, </br> ALLEN ASHER-BUTLER, </br> BRAXTON BLACK, </br> DYLAN ROQUILLO, </br> JACOB GROSSOM, </br> JONATHAN JOHNS, </br> JEFFEREY SWEET, </br> DONALD BOATMAN, </br></br>            Plaintiffs, </br></br>            v. </br></br> DECATUR COUNTY DETENTION CENTER, </br></br>            Defendant. | ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> )    No. 1:20-cv-03280-TWP-DML </br> ) </br> ) </br> ) </br> ) |

**ORDER DISMISSING CERTAIN PLAINTIFFS, DISMISSING COMPLAINT FOR LACK OF JURISDICTION, AND DIRECTING FURTHER PROCEEDINGS**

**I.**

The Order of January 7, 2021, gave each plaintiff a period of time to pay the $402.00 filing fee for this action or demonstrate that he lacks the financial ability to do so; or in the alternative, to file a notice voluntarily dismissing his claims. Only two plaintiffs responded. Those plaintiffs, Jonathan Johns and Dylan James Rogillio, each filed a motion for leave to proceed in forma pauperis. Accordingly, this civil action shall proceed as to only these two plaintiffs. All other plaintiffs are dismissed without prejudice, such that they may raise their claims in a new civil action if they so choose.

The **clerk is directed** to terminate Heath Newcomb, Allen Asher-Butler, Braxton Black, Jacob Grossom, Jefferey Sweet, and Donald Boatman as plaintiffs on the docket.

## II.

The complaint alleges that the Decatur County Detention Center is liable for negligence. Specifically, on November 30, 2020, an inmate who was positive for COVID-19 was placed in the same unit as the plaintiffs. The complaint asserts that this placement was the result of medical staff not being able to log into a computer system to confirm whether the inmate had a negative test result. In response, the Jail Commander allegedly stated that a mistake had been made and that the results should have been viewed prior to placing the inmate in the unit. There is no allegation that suggests either plaintiff was infected with COVID-19 because of the alleged misconduct. They seek $300,000.00 for their mental anguish.

"Courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Id.* at 514.

The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for "[f]ederal-question" jurisdiction, § 1332 for "[d]iversity of citizenship" jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim "arising under" the Constitution or laws of the United States. *See Bell v. Hood*, 327 U.S. 678, 681–685 (1946). He invokes § 1332 jurisdiction when he presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount of $75,000. See § 1332(a). Further, the Court of Appeals has repeatedly held that "the party invoking federal jurisdiction bears the burden of demonstrating its existence." *See Hart v. FedEx Ground Pkg. Sys. Inc.*, 457 F.3d 675, 679 (7th Cir. 2006).

Here, there is no allegation of conduct which could support the existence of federal question jurisdiction. *See Williams v. Aztar Ind. Gaming Corp.*, 351 F.3d 294, 298 (7th Cir. 2003) (explaining federal courts may exercise federal-question jurisdiction when a plaintiff's right to relief is created by or depends on a federal statute or constitutional provision). In particular, negligence is not sufficient to support a claim brought pursuant to 42 U.S.C. § 1983. *See Huber v. Anderson*, 909 F.3d 201, 208 (7th Cir. 2018).

Similarly, diversity jurisdiction is not available under the circumstances alleged. There is no allegation of diversity of citizenship in the complaint. *See Denlinger v. Brennan*, 87 F.3d 214, 217 (7th Cir. 1996) (holding that failure to include allegations of citizenship requires dismissal of complaint based on diversity jurisdiction). A district court cannot exercise diversity jurisdiction if the plaintiff shares the same state citizenship as any one of the defendants. *See also Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 676 (7th Cir. 2006). In this case, the Decatur County Detention Center and the plaintiffs both appear to be citizens of Indiana.

When it is determined that a court lacks jurisdiction, its only course of action is to announce that fact and dismiss the case. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ("'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'")(*quoting Ex parte McCardle*, 7 Wall, 506, 514, 19 L.Ed. 264 (1868)).  That is the case here. The complaint fails to contain a legally viable claim over which this Court could exercise subject matter jurisdiction and this action is dismissed for lack of jurisdiction.

### III.

The plaintiffs shall have **through March 17, 2021,** in which to show cause why judgment consistent with this Order should not Enter. *Jennings v. City of Indianapolis*, 637 F. App'x 954,

954–955 (7th Cir. 2016) ("In keeping with this court's advice in cases such as *Luevano* . . . , the court gave Jennings 14 days in which to show cause why the case should not be dismissed on that basis.").

    IT IS SO ORDERED.

Date:   2/18/2021

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

HEATH NEWCOMB
DECATUR COUNTY DETENTION CENTER
601 S. Ireland St.
Greensburg, IN 47240

ALLEN ASHER-BUTLER
DECATUR COUNTY DETENTION CENTER
601 S. Ireland St.
Greensburg, IN 47240

BRAXTON BLACK
DECATUR COUNTY DETENTION CENTER
601 S. Ireland St.
Greensburg, IN 47240

DYLAN ROQUILLO
DECATUR COUNTY DETENTION CENTER
601 S. Ireland St.
Greensburg, IN 47240

JACOB GROSSOM
DECATUR COUNTY DETENTION CENTER
601 S. Ireland St.
Greensburg, IN 47240

JONATHAN JOHNS
DECATUR COUNTY DETENTION CENTER
601 S. Ireland St.
Greensburg, IN 47240

JEFFEREY SWEET
DECATUR COUNTY DETENTION CENTER
601 S. Ireland St.
Greensburg, IN 47240

DONALD BOATMAN
DECATUR COUNTY DETENTION CENTER
601 S. Ireland St.
Greensburg, IN 47240